## BRYAR et al. v. BRYAR.

(Circuit Court, W. D. Pennsylvania. February 5, 1897.)

1. FEDERAL AND STATE COURTS—CONCURRENT SUITS—JUDGMENT IN STATE COURT.

The wife of a bankrupt brought a bill in equity in the United States district court against the bankrupt and his assignee, claiming to be the equitable owner of the undivided one-half of land the legal title to which was in the bankrupt. C., the purchaser of the land at assignee's sale, intervened as defendant. There was a decree in favor of the wife, and an appeal there-

from to the United States circuit court. Pending this appeal the wife brought ejectment in a court of the state (Pennsylvania) against C., upon the same equitable title which was the foundation of her pending bill. The ejectment was tried upon the merits, and resulted in a verdict and judgment against the wife. *Held*, that she and her heirs were thereby concluded in the pending suit in the circuit court.

2. SAME—FOLLOWING STATE DECISIONS—RULE OF PROPERTY.

It being a rule of property in Pennsylvania that, in ejectment upon an equitable title, one verdict and judgment are conclusive of the title, equally binding effect is to be given to such a verdict and judgment in the federal courts.

This was a bill in equity filed by Jane Bryar, in the district court, against James Bryar, a bankrupt, Thomas Campbell, and others, she claiming to be equitable owner of an undivided one-half of certain lands the legal title of which was in the bankrupt. The district court rendered a decree for the complainant, and the opposite parties took an appeal to this court, where the cause has since been pending.

W. B. Rodgers, for appellants.

L. C. Barton, for appellee.

Before ACHESON, Circuit Judge, and BUFFINGTON, District Judge.

ACHESON, Circuit Judge. Pending this appeal, in the year 1880, Jane Bryar brought an action of ejectment in the court of common pleas No. 1, of Allegheny county, Pa., against Thomas Campbell and others, to recover the land here in controversy. That case was tried before a jury, and a verdict rendered in favor of the defendants in the action. Judgment upon the verdict having been entered, Mrs. Bryar sued out a writ of error, and, after argument, the supreme court of Pennsylvania affirmed the judgment of the court of common pleas. 30 Pittsb. Leg. J. 12. In that ejectment Mrs. Bryar set up against Thomas Campbell, as the basis of her right to recover, the same equitable title which was the foundation of her bill in equity in the United States district court, and which her heirs now assert against Campbell in this court. These facts, which have been brought upon the record by proofs and a written stipulation, are decisive, we think, against the heirs of Jane Bryar, the now appellees. Mrs. Bryar elected to have her rights determined in the state courts, and Campbell was compelled to defend in the state forum. Whether or not Campbell could have set up the pendency of the bill here in abatement or in bar of the action in the court of common pleas we need not inquire. It is enough that he did not attempt to do so, and the action proceeded in the state courts upon the merits to final judgment. As an adverse decision there against Campbell would have concluded him, so the decision in his favor concluded Mrs. Bryar and her heirs. The ejectment brought by Mrs. Bryar was upon her equitable title,—a procedure allowable in the courts of Pennsylvania, where an equitable ejectment is the full equivalent of and substitute for a bill in equity,—and it is well settled that in ejectment upon an equitable title one verdict and judgment are conclusive of the title. Peterman v. Huling, 31 Pa. St. 432; Winpenny v. Winpenny, 92 Pa. St. 440. This being an established rule of property

in Pennsylvania, an equally conclusive effect is to be given to such a verdict and judgment in the courts of the United States. Miles v. Caldwell, 2 Wall. 36. A complete defense to this bill is therefore shown, and that defense is available here under the present pleadings, supplemented by the stipulation of counsel.

BUFFINGTON, District Judge, concurs.

PER CURIAM. This cause, having come on for final hearing upon the pleadings, proofs, and a written stipulation, was argued by counsel; and now, February 5, 1897, upon consideration, the decree of the district court is reversed, the costs in that court, however, to be paid by Thomas Campbell; and it is further ordered, adjudged, and decreed that the bill of complaint be, and the same is, dismissed, without costs in this court.